**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>  Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>  Defendant. | No. 6:20-cv-00902<br><br>**JURY TRIAL DEMANDED** |

**BRAZOS'S COMPLAINT AGAINST JUNIPER FOR**
**INFRINGEMENT OF U.S. PATENT NO. 7,620,273**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant Juniper Networks, Inc. ("Juniper") and alleges:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 284, and 285.

**THE PARTIES**

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Juniper is a corporation organized and existing under the laws of Delaware, with a regular and established place of business located at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Juniper may be served through its designated agent for service of process, CT Corporation System, 1999

Bryan Street, Suite 900, Dallas, Texas, 75201. On information and belief, Juniper is registered to do business in the State of Texas and has been since at least April 27, 2017.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general personal jurisdiction over Juniper pursuant to due process and/or the Texas Long Arm Statute because Juniper has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District. The Court's exercise of jurisdiction over Juniper would not offend traditional notions of fair play and substantial justice because Juniper has established minimum contacts with the forum. For example, on information and belief, Juniper has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein.

6. Upon information and belief, Juniper has continuous and systematic business contacts with the State of Texas. Juniper is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas. Juniper, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Juniper is registered to do business in the State of Texas, and, upon information and belief, Juniper has transacted business in this Judicial District, and has committed acts of direct and indirect

infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Juniper has regular and established places of business in this Judicial District, as set forth below.

8. Juniper maintains a regular and established place of business in this Judicial District, at least at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Upon information and belief, Juniper conducts business, serves customers, and markets and/or sells its products from its regular and established place of business in Austin, Texas, in this Judicial District.

9. Upon information and belief, Juniper maintains additional regular and established places of business in the State of Texas, nearby to this Judicial District, including at Granite Park V, 5830 Granite Pkwy #850, Plano, Texas 75024.

10. Juniper's Form 10-K for the fiscal year ended December 31, 2019 states, in part:

> Juniper Networks designs, develops, and sells products and services for high-performance networks to enable customers to build scalable, reliable, secure and cost-effective networks for their businesses . . . . We organize and manage our business by major functional departments on a consolidated basis as one operating segment. We sell our high-performance network products and service offerings across routing, switching, and security technologies. In addition to our products, we offer our customers services, including maintenance and support, professional services, and education and training programs.[1]

11. Upon information and belief, Juniper designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. Juniper markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

---

[1] *See* https://s1.q4cdn.com/608738804/files/doc_financials/2019/q4/2019-10-K-Final.pdf at 3.

12. Juniper's website advertises and promotes its products and services to customers nationwide, and permits customers to request a quote or buy directly from Juniper by requesting a direct call or email from a Juniper representative.[2]

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,620,273

13. Brazos re-alleges and incorporates by reference the preceding paragraphs 1–12 of this Complaint.

14. On November 17, 2009, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,620,273 (the "'273 Patent"), entitled "Methods and Devices for Providing Optical, Service-Enabled Cross-Connections." A true and correct copy of the '273 Patent is attached as Exhibit A to this Complaint.

15. Brazos is the owner of all rights, title, and interest in and to the '273 Patent, including the right to assert all causes of action arising under the '273 Patent and the right to any remedies for the infringement of the '273 Patent.

16. Juniper makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that connect ultra-long haul (ULR) optical signals to line cards, including, but not limited to, PTX3000[3] and PTX5000[4] Series routers[5] (collectively, the "Accused Products").

17. The Accused Products are routers.

---

[2] *See* https://www.juniper.net/us/en/how-to-buy/.

[3] *See* https://www.juniper.net/us/en/products-services/routing/ptx-series/ptx3000/; https://apps.juniper.net/feature-explorer/parent-feature-info.html?pFKey=1128.

[4] *See* https://www.juniper.net/us/en/products-services/routing/ptx-series/ptx5000/.

[5] *See* https://www.juniper.net/assets/us/en/local/pdf/datasheets/1000364-en.pdf; https://www.juniper.net/documentation/en_US/junos/topics/concept/iplc-ptx3k-overview-operate-configure.html.

18. The Accused Products "provide service providers with a Converged Supercore architecture that reduces [total cost of operation (TCO)] with highly flexible, high-performance, and deployability innovations."[6]

19. The Accused Products are "optimized for LSR, Internet backbone, peering, and . . . optical . . . applications."[7]

20. "The key hardware components of [the Accused Products] are the FPC, [port interface card (PIC)], Routing Engine (RE), and Switch Interface Board (SIB)."[8]

21. The Accused Products comprise one or more non-dedicated processing units.

22. The Accused Products support numerous PICs, which provides service provides the benefit of picking the right interface for their network, including the P1-PTX-2-100G-C-WDM-C, which is a "2-port 100G DWDM PIC" that has the capability of tuning between 96 ITU extended C-band channels (*i.e.*, it is tunable between various frequencies of wavelengths), so that the PIC can process gigabyte ethernet signals with various wavelengths.[9]

23. The P1-PTX-2-100G-C-WDM-C "enables Service Providers to deploy an ultra-long reach, Coherent 100G DWDM router interface."[10]

24. In the Accused Products, Integrated Photonic Line Cards (IPLCs) connect directly with the PICs such as the P1-PTX-2-100G-C-WDM-C in the same chassis or other IPLCs:[11]

> In a PTX3000 chassis, you can install an IPLC in any of the FPC or PIC slots. The IPLCs install vertically in the front of the PTX3000. . . . The IPLC connects

---

[6] *See* https://www.juniper.net/assets/us/en/local/pdf/datasheets/1000364-en.pdf at 1.

[7] *See* supra note 6 at 2–3, 3.

[8] *See* supra note 6 at 4.

[9] *See* supra note 6 at 6, 8.

[10] *See* https://www.juniper.net/us/en/local/pdf/datasheets/1000429-en.pdf at 1.

[11] *See, e.g.*, https://www.juniper.net/documentation/en_US/junos-space-apps/connectivity-services-director4.0/topics/concept/ilc-ptx3000-description-csd.html.

directly to the integrated DWDM PICs/MICs . . . in the same chassis, or an external chassis through the IPLC front panel add and drop ports. . . .

25. An IPLC "is an integrated optical card that provides the combined functionalities of optical multiplexing and demultiplexing, optical amplification, optical equalization, and optical channel monitoring. The IPLC multiplexes and enables amplification of up to 32 individual wavelengths for transmission over single-mode optical fiber . . . ."[12]

26. The Accused Products comprise an optical switch for receiving Ultra-Long Haul (ULR) optical signals and for connecting at least one of the units to one or more of the received signals based on a characteristic of each signal.

27. The figure below "shows a point-to-point configuration for an IPLC," which receives ultra-long haul optical signals:[13]



28. The IPLC monitors the input optical channel and identifies the type of signal based on its wavelength and dispersion (*i.e.*, characteristics). The IPLC performs switching to direct the incoming wavelengths to the interfaces of the corresponding PIC and bypass the signal based on dispersion characteristics:[14]

> **Switching a Wavelength to an Optical Interface in the Same Chassis**
>
> This topic describes how to configure the IPLC to switch the wavelengths on the ADD and DROP ports to compatible optical interfaces on the local chassis.

---

[12] *See supra* note 11.

[13] *See supra* note 11 at Figure 1.

[14] *See* https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-ila-ilpc/config-guide-ila-iplc-pwp-index.pdf at 27.

29. The at least one processing unit described in ¶ 21 is selected from the group consisting of a gigabit Ethernet unit, a 2R unit, a 3R unit, a SDL unit and a SONET/SDH unit.[15]

30. In view of the preceding paragraphs 17–29, each and every element of at least claim 3 of the '273 Patent is found in the Accused Products.

31. Juniper continues to directly infringe at least one claim of the '273 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this Judicial District, without the authority of Brazos. Juniper's infringing use of the Accused Products includes its internal use and testing of the Accused Products.

32. Juniper has received notice and actual or constructive knowledge of the '273 Patent since at least the date of service of this Complaint.

33. Since at least the date of service of this Complaint, through its actions, Juniper has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '273 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.juniper.net/assets/us/en/local/pdf/datasheets/1000364-en.pdf;
- https://www.juniper.net/us/en/local/pdf/datasheets/1000429-en.pdf;
- https://apps.juniper.net/feature-explorer/parent-feature-info.html?pFKey=1128;
- https://www.juniper.net/documentation/en_US/junos/topics/concept/iplc-ptx3k-overview-operate-configure.html;

---

[15] *See supra* ¶ 22.

- https://www.juniper.net/documentation/en_US/junos-space-apps/connectivity-services-director4.0/topics/concept/ilc-ptx3000-description-csd.html; and

- https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-ila-ilpc/config-guide-ila-iplc-pwp-index.pdf.

34. Juniper was and is aware that the normal and customary use by end users of the Accused Products infringes the '273 Patent. Juniper's inducement is ongoing.

35. Since at least the date of service of this Complaint, through its actions, Juniper has contributed to the infringement of the '273 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this Judicial District, with knowledge that the Accused Products infringe the '273 Patent. The Accused Products have special features that are especially made or adapted for infringing the '273 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 3 of the '273 Patent.

36. The special features include connecting ultra-long haul (ULR) optical signals to line cards in a manner that infringes the '273 Patent.

37. The special features constitute a material part of the invention of one or more claims of the '273 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.

38. Brazos has suffered damages as a result of Juniper's direct and indirect infringement of the '273 Patent in an amount adequate to compensate for Juniper's infringement, but in no event less than a reasonable royalty for the use made of the invention by Juniper, together with interest and costs as fixed by the Court.

**JURY DEMAND**

Brazos hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(a) enter judgment that Juniper infringes one or more claims of the '273 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that Juniper has induced infringement and continues to induce infringement of one or more claims of the '273 Patent;

(c) enter judgment that Juniper has contributed to and continues to contribute to the infringement of one or more claims of the '273 Patent;

(d) award Brazos damages, to be paid by Juniper in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Juniper of the '273 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: September 30, 2020

Edward J. Naughton
(*pro hac vice* to be filed)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice* to be filed)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice* to be filed)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice* to be filed)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice* to be filed)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
(admission pending)
dstein@brownrudnick.com
Sarah G. Hartman
(*pro hac vice* to be filed)
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*