# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND DEVELOPMENT,

               Plaintiff,

     v.

JUNIPER NETWORKS, INC.,

               Defendant.

No. 6:20-cv-00902-ADA

**JURY TRIAL DEMANDED**

## BRAZOS'S ANSWER TO JUNIPER'S COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") hereby responds to the counterclaims in Defendant/Counterclaim-Plaintiff Juniper Networks, Inc.'s ("Juniper's") Answer and Counterclaims (Dkt. 17) (the "Counterclaims") as follows:

Brazos denies all allegations contained in headings preceding individually numbered paragraphs of the Counterclaims. Brazos denies all allegations to the extent not expressly admitted. Brazos hereby responds to the individually numbered paragraphs of the Counterclaims as follows:

### THE PARTIES

1.    On information and belief, Brazos admits that Juniper is a corporation organized under the laws of information. Brazos lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies them.

2.      Brazos admits that it is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

### JURISDICTION AND VENUE

3.      The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that Juniper's counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. §1 *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Brazos admits that this Court has subject matter jurisdiction over Juniper's Counterclaims under 28 U.S.C. §§ 1331 1338, 2201, and 2202. Brazos admits that an actual controversy exists under the Declaratory Judgment Act because Brazos alleges that Juniper has infringed and is infringing U.S. Patent No. 7,620,273 ("the '273 Patent"), and Juniper denies those allegations. Brazos denies any remaining allegations of this paragraph.

4.      The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that this Court has personal jurisdiction over Brazos with respect to the Counterclaims. Brazos denies any remaining allegations of this paragraph.

5.      The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that, for purposes of the Counterclaims, venue is proper in this district. Brazos denies any remaining allegations of this paragraph.

### COUNT I
### DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,620,273

6.      Brazos repeats and realleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

7.      Brazos admits that on September 30, 2020, it filed a Complaint alleging patent infringement claims against Juniper.

8.      Brazos admits that its Complaint alleges that Juniper infringes at least Claim 3 of the '273 Patent. Brazos denies the remaining allegations contained of this paragraph.

9.      The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos admits that an actual, continuing, and justiciable controversy exists between Juniper and Brazos as to Juniper's infringement of claims of the '273 Patent. Brazos denies the remaining allegations of this paragraph.

10.     This paragraph does not state a contention to which a response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to a judicial determination and declaration that Juniper does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '273 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

### COUNT II
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,620,273

11.     Brazos repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

12.     The allegations in this paragraph state a legal contention to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos denies the allegations of this paragraph.

13.     Brazos denies the allegations of paragraph 13.

14.     This paragraph does not state a contention to which a response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to a judicial determination and declaration that the claims of the '273 Patent are invalid.

### REQUEST FOR RELIEF

The paragraphs under the "Request for Relief" heading set forth the statement of relief requested by Juniper, to which no response is required. To the extent a response is nonetheless deemed to be required, Brazos denies that Juniper is entitled to any relief in any form whatsoever from Brazos and specifically denies that Juniper is entitled to any of the relief sought in Paragraphs A–G of Juniper's Request for Relief.

Brazos respectfully requests that the Court enter judgment:

(a)     dismissing the Counterclaims in their entirety;

(b)     awarding Brazos its reasonable attorney fees and costs in defending this action; and

(c)     granting Brazos such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Brazos demands a trial by jury of all issues from this Answer to Juniper's Counterclaims that are triable by a jury.

Respectfully submitted,

Dated: January 4, 2020

/s/ Raymond W. Mort, III

Raymond W. Mort, III

Edward J. Naughton

Texas State Bar No. 00791308

(admitted *pro hac vice*)

raymort@austinlaw.com

enaughton@brownrudnick.com

THE MORT LAW FIRM, PLLC

Rebecca MacDowell Lecaroz

100 Congress Avenue, Suite 2000

(admitted *pro hac vice*)

Austin, Texas 78701

rlecaroz@brownrudnick.com

tel/fax:   (512) 677-6825

BROWN RUDNICK LLP

One Financial Center

Boston, Massachusetts 02111

telephone:   (617) 856-8200

facsimile:   (617) 856-8201

Alessandra C. Messing

(admitted *pro hac vice*)

amessing@brownrudnick.com

Timothy J. Rousseau

(admitted *pro hac vice*)

trousseau@brownrudnick.com

Yarelyn Mena

(admitted *pro hac vice*)

ymena@brownrudnick.com

BROWN RUDNICK LLP

7 Times Square

New York, New York 10036

telephone:   (212) 209-4800

facsimile:   (212) 209-4801

David M. Stein

Texas State Bar No. 797494

dstein@brownrudnick.com

Sarah G. Hartman

California State Bar No. 281751

shartman@brownrudnick.com

BROWN RUDNICK LLP

2211 Michelson Drive, 7th Floor

Irvine, California 92612

telephone:   (949) 752-7100

facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*