**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>Defendant. | Civil Action No.:  6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>***FILED UNDER SEAL***|

**JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Venue discovery has made clear that this case has no connection to this District. Brazos cannot dispute that Juniper's witnesses and evidence are mostly in the Northern District of California, and—despite Brazos's attempts to argue otherwise—discovery has revealed that Brazos has **no** relevant witnesses and **no** evidence in this District. Indeed, Brazos's most relevant witnesses are in California. The facts supporting transfer in this case are stronger than those in *Adobe, Apple,* and *Tracfone.* Brazos either ignores or misreads those cases and invites the Court to commit clear legal error. Because there is no meaningful connection between this District and the events that gave rise to this lawsuit, the convenience factors overwhelmingly favor transfer.

## I. THE PRIVATE FACTORS STRONGLY SUPPORT TRANSFER

### A. Cost and Convenience of Witnesses Heavily Favors Transfer

Brazos cannot dispute that "the convenience of the witnesses is probably the single most important factor in transfer analysis" (Mot. at 6) or that the bulk of relevant witnesses are located in the Northern District of California (Sunnyvale). Mot. at 7-8, Martinez Decl., ¶¶ 7, 10; Hartman Decl., Ex. B at 11-13. Brazos identified **no** relevant Juniper witnesses in this District, instead only speculating that some Juniper employees "***may have*** relevant information." Opp. at 11 and n.12 (emphasis added). Even if any of these employees did have relevant knowledge (they do not; *see* Mot. at 7-8), the inquiry is not whether "*all* of the witnesses" live in the transferee district, but whether a "substantial number" do. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, Juniper has specifically identified at least 11 witnesses with unique and relevant knowledge who are based at its Sunnyvale headquarters. Hartman Decl., Ex. B at 11-13. Brazos also points out that Juniper has employees with relevant knowledge based in neither Texas nor California. Opp. at 10-11. But these Juniper employees "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs" wherever the case is tried. *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020). "The convenience of having several party witnesses be able

to testify at trial without having to leave home" outweighs any inconvenience to witnesses located in neither district. *In re Tracfone Wireless, Inc.*, 2021 WL 1546036, at *3 (Fed. Cir. Apr. 20, 2021). In *Tracfone*, there were four party witnesses in the transferee district (*id.* at *1); here, there are at least 11. Brazos tries to distinguish *Apple*, *Adobe*, and *Tracfone* only by quibbling over how many witnesses are a "substantial number" and claiming to be based in Waco. Opp. at n.17.

But Brazos has *no* relevant witnesses in Waco. It has five employees and only two are in Waco: Mr. Hogan and its in-house counsel (who was hired in November 2020, *after* Brazos filed this suit). Dkt. 62-2 (Hogan Dep.) at 12:12-13:17. Mr. Hogan is not responsible for the management or licensing of Brazos's patents. *Id.* at 108:2-5. Indeed, the employees most knowledgeable about Brazos's patent portfolio and licensing are *in California*. *Id.* at 114:2-11:59; 17:14-22; 30:14-31:7. And Brazos's "[s]elf-serving statements about [their] willingness to travel to" this District are not persuasive. *SITO Mobile R&D IP v. Hulu, LLC*, 6:20-cv-00472-ADA, 2021 WL 1166772 at *4 (W.D. Tex. Mar. 24, 2021). Brazos's attempts to muddy the waters aside, this is not a close call. At least 11 relevant witnesses are in Sunnyvale and *none* are in Waco. Witness convenience strongly favors transfer, and the Court should reject Brazos's invitation to "clearly misappl[y] the law" by finding otherwise. *Tracfone,* 2021 WL 1546306 at *3.

**B.      Access to Sources of Proof Strongly Favors Transfer**

Brazos cannot dispute that "the bulk of the relevant evidence" will come from Juniper. Mot. at 9. Nor can Brazos deny that Juniper keeps most documents and source code related to the Accused Products at its Sunnyvale headquarters. Mot. at 4, 8-9; Martinez Decl., ¶ 12. Unable to overcome these undisputed facts, Brazos argues that Juniper's electronically-stored documents could in theory be accessed from this District.[1]  Opp. at 5-7. That is not the standard: courts

---

[1]    Brazos ignores that Juniper employees in this District do not have access to confidential technical documents or source code related to the Accused Products. Hartman Decl., Ex. B at 9.

Page | 2

assessing this factor consider "where the parties store documentary evidence." *Parus Holdings Inc. v. LG Elecs. Inc.*, 2020 WL 4905809, at *2 (W.D. Tex. Aug. 20, 2020). Brazos then asserts that Juniper has servers and source code repositories in places other than California. Opp. at 6. This too ignores controlling law. *Apple*, 979 F.3d at 1340 ("[T]he movant need not show that all relevant documents are located in the transferee venue"). Here, the vast majority of the evidence related to the Accused Products is in Sunnyvale. Martinez Decl., ¶ 12. And while this factor favors transfer even where "some sources of proof can be identified in the [transferring] district" (*Apple*, 979 F.3d at 1340), here there are *no* relevant documents or evidence in Texas.[2] This Court recently held that this factor favored transfer because "the physical location of [the moving party's] electronic documents is the NDCA." *Kuster v. Western Digital Techs., Inc.*, 2021 WL 466147 at *4 (W.D. Tex. Feb. 9, 2021); *see also SITO*, 2021 WL 1166772 at *4 (similar). So too here.

    **C.**    **Ability to Compel Third-Party Witnesses Favors Transfer**

Brazos identifies no unwilling witnesses that are subject to this Court's subpoena power. And this Court has no more power to subpoena individuals located in "Virginia, New Jersey, Maryland, Massachusetts, Ohio, India, [or] Canada" than does the Northern District of California. Opp. at 8-9. By Brazos's admission, four prior art witnesses are in the Northern District of California and two inventors are in other districts in Texas. Opp. at 7-9. This factor favors transfer.

    **D.**    **Other Practical Considerations is Neutral**

Brazos invites the Court to do exactly what the Federal Circuit forbids: rely on the fact that "the parties have been litigating these cases" (Opp. at 13) while Juniper's motion to transfer (and

---

[2] The "patent-related documents and relevant correspondence and records from the USPTO" that Brazos identifies (Opp. at 7) are public government records. In any event, those documents were not located in Brazos's Waco office until October 2020—*after* Brazos filed this lawsuit—and are therefore irrelevant to Juniper's motion. Hogan Dep. at 111:19-24. Nor does Brazos know where the servers with its documents are located, except that they are *not* at Brazos's Waco office. *Id.* at 108:13-109:20. There is thus no evidence that any relevant documents are in this District.

motion to stay; *see* Dkt. 36) sat idle on the docket. *Apple*, 979 F.3d 1343-44 ("the district court legally erred in concluding that the merits-related steps it had taken weighed heavily against transfer."). Here, just as in *Apple*, **every** substantive step the parties have taken—including the three IPRs Juniper has filed (Opp. at 13)—was "taken *after* [Juniper] moved for transfer." *Id.* The Court should decline Brazos's invitation to disregard Federal Circuit precedent.

## II. THE PUBLIC FACTORS SUPPORT TRANSFER

### A. Administrative Difficulties Supports Transfer

Brazos asks the Court to find that this factor weighs against transfer because the Court has set a trial date for July 2022. Opp. at 14. The Federal Circuit has rejected such speculative arguments (*Apple*, 979 F.3d at n. 5), explaining that a court cannot conclude, on the basis of an early trial date alone, "that other forums that historically do not resolve cases at such an aggressive pace are more congested for venue transfer purposes." *Id.* at 1344; *see also Adobe*, 823 F. App'x at 932 ("Nothing about the court's general ability to set a schedule speaks to" this factor).

### B. Local Interest Strongly Favors Transfer

Brazos cannot dispute that the local interest favors transfer where the defendant "researched, designed, and developed the accused functionality" in the transferee district or that here Juniper researched, designed, and developed the accused functionalities in Sunnyvale. Mot. at 12-13 (citing *Hammond Dev. Int'l, Inc. v. Google LLC*, No. 1:20-cv-00342-ADA, 2020 WL 3452987, at *5 (W.D. Tex. June 24, 2020)). Instead, Brazos confuses the issue with a series of incorrect and/or irrelevant arguments.

First, Brazos relies on the fact that Juniper has sold Accused Products in Texas. Opp. at 3-4, 15. But Brazos's argument that Juniper's sale of Accused Products in Texas creates a local

interest in this District is wrong.³  *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue").  Brazos also asserts that its office is in this District and describes various things it purportedly does (or plans to do) here, **none** of which relate to "the events that gave rise to" this lawsuit.⁴  Opp. at 2-3, 15; *Apple*, 979 F.3d at 1345.  Brazos's argument that a non-practicing patent plaintiff's forum-shopping decision creates a local interest in whatever venue it picks is wrong.  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (transfer warranted where plaintiff's "presence in Texas appears to be recent, ephemeral, and an artifact of litigation.").

Brazos then attempts to rely on Juniper's former Austin office to create a local interest here.  But as Juniper's motion pointed out, **none** of the research, design, or development of the accused functionalities took place at that office.  Mot. at 13.  Moreover, Juniper's Austin office closed on March 31, 2021.  Hartman Decl., Ex. L at 11-12.  The *Apple* court found that this factor favored transfer even though Apple's "general contacts with the forum that are untethered to the lawsuit" were large and growing.  979 F.3d at 1345-46.  Here Juniper's presence, equally untethered to this lawsuit, is small and shrinking.

### III.    CONCLUSION

Juniper respectfully requests that the Court decline Brazos' invitation to commit legal error and instead grant its motion to transfer.

---

³  In any event, this factor measures the *relative* interests of the two venues, and Juniper's sales of Accused Products in California dwarf its sales of Accused Products in Texas over the same time period.  *Compare* Hartman Decl., Ex. M *with* Reed Decl., Ex. A.

⁴  Even if Brazos's generalized ties to this District were relevant, those ties are a sham.  Of Brazos's four officers, Mr. Hogan is the only one who has set foot in Brazos's purported Waco office (or in Waco) since Brazos leased it.  Hogan Dep. at 16:10-21, 17:23-18:24, 31:10-18, 38:11-21.  Two of those officers are based in California and, *contra* Mr. Hogan's assertion that Brazos's Waco office is its only office, Brazos leases office space **in California** for its president.  *Id.* at 89:6-90:13.

DATED:  May 24, 2021            Respectfully submitted,

                By  */s/  B. Russell Horton*
                    B. Russell Horton
                    rhorton@gbkh.com
                    George Brothers Kincaid & Horton LLP
                    114 West 7th Street, Suite 1100
                    Austin, TX 78701
                    Telephone: (512) 495-1400
                    Facsimile: (512-499-0094

                    Kevin P.B. Johnson
                    kevinjohnson@quinnemanuel.com
                    Todd Briggs
                    toddbriggs@quinnemanuel.com
                    Margaret Shyr (*pro hac vice*)
                    margaretshyr@quinnemanuel.com
                    Joseph E. Reed (*pro hac vice*)
                    joereed@quinnemanuel.com
                    Quinn Emanuel Urquhart & Sullivan, LLP
                    555 Twin Dolphin Drive, 5th Floor
                    Redwood Shores, CA 94065
                    Telephone: (650) 801-5000
                    Facsimile: (650) 801-5100

                    Nima Hefazi *(pro hac vice*)
                    nimahefazi@quinnemanuel.com
                    Quinn Emanuel Urquhart & Sullivan, LLP
                    865 South Figueroa Street, 10th Floor
                    Los Angeles, CA 90017
                    Telephone: (213) 443-3000
                    Facsimile: (213) 443-3100

                    *Counsel for Defendant*
                    *Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 24, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  May 24, 2021				*/s/ B. Russell Horton*_____
						B. Russell Horton